FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 16 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOHN F. MARCHAND,

                          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
------------------------------------------------------------- x

MEMORANDUM & ORDER

17-cv-3252 (ENV)

VITALIANO, D.J.

    *Pro se* plaintiff John F. Marchand commenced this action against the Commissioner of Social Security (the "Commissioner"), on May 30, 2017, seeking review of the Administrative Law Judge's (the "ALJ") decision, dated May 2, 2017, that denied his application for Child Disability Benefits. For the reasons that follow, his complaint (ECF Dkt. No. 1) is dismissed without prejudice, and with leave to amend in accordance with the terms of this Order.

## Background

    Marchand's application for Child Disability Benefits is presently before the Commissioner, *see id.* at 1-2, 5-8, as it has been since its remand from this Court, *see* Order, *Marchand v. Comm'r of Soc. Sec.*, No. 15-cv-2385 (E.D.N.Y. Jan. 26, 2016).[1] Following a February 24, 2017 hearing, the ALJ issued a Notice of Decision denying his claim, on May 2, 2017. *See id.* at 2, 5, 8. The notice informed Marchand of his right to appeal the decision to the

---

[1] On the complaint form, in the blank space for indicating the type of disability, it appears that Marchand initially wrote "child's insurance benefits," before crossing that out and writing "SSi mentel illness [sic], major depression." ECF Dkt. No. 1 at 1. The attached Notice of Decision, however, indicates that Marchand's application was for "Child Disability Benefits." *Id.* at 8.

1

Appeals Council, and that, if he did not appeal and the Appeals Council did not review the matter on its own, then the ALJ's decision would become final on the 61st day after the date of the notice. *See id.* at 6. The notice further explained that, after the decision became final, Marchand would have "60 days to file a new civil action in Federal district court." *Id.*

## Standard of Review

A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted). At the same time, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, if a federal court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 58 (2d Cir. 1997) (federal court must dismiss complaint, *sua sponte*, if subject matter jurisdiction is lacking); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where jurisdiction is lacking, . . . dismissal is mandatory." (citation omitted)).

## Discussion

The Social Security Act provides federal court jurisdiction to review the "final decision" of the Commissioner regarding an individual's eligibility for disability benefits or supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). As a general rule, any "available administrative procedures must be exhausted" before review is sought in federal court, and "a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Mathews v.*

*Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (citations omitted); *accord Oslzly v. Mendlewicz*, No. 15-cv-5681, 2015 WL 7575902, at *3 (E.D.N.Y. Nov. 25, 2015); *Maynard v. Soc. Sec. Admin.*, No. 11-cv-6046, 2012 WL 2319249, at *3 (E.D.N.Y. June 19, 2012).[2]

Typically, the "final decision" of the Commissioner "is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." *Pollard v. Halter*, 377 F.3d 183, 191 (2d Cir. 2004) (citations omitted); *see* 20 C.F.R. §§ 404.981, 416.1481. Alternatively, where, as here, the case has been remanded from federal court, the ALJ's subsequent decision on remand becomes the "final decision" of the Commissioner unless the Appeals Council assumes jurisdiction of the case within 60 days after the ALJ's decision is issued. *See* 20 C.F.R. §§ 404.984, 416.1484; *see also Jackson v. Astrue*, No. 09-cv-1290, 2010 WL 3777732, at *1 n.1 (E.D.N.Y. Sept. 21, 2010).

Under these well-established ground rules, Marchand's complaint must be dismissed for lack of subject matter jurisdiction, since, on the face of the record, it appears that he has not yet received a "final decision" from the Commissioner, which is a prerequisite for jurisdiction in this Court. Marchand alleges—and the Notice of Decision attached to his complaint confirms—that the ALJ's decision was issued on May 2, 2017. *See* ECF Dkt. No. 1 at 2, 5. That decision would have become final: (a) if Marchand sought review from the Appeals Council or the Appeals Council assumed jurisdiction of the case on its own, upon issuance of the Appeals Council's determination or rejection of his request for review; or, alternatively, (b) if he did not appeal and

---

[2] In certain limited circumstances—none of which are presented here—a plaintiff's failure to exhaust administrative remedies may be excused, such as where the "legal claims are collateral to the[ ] demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable." *Id.* (quoting *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983)) (citing *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992)).

3

the Appeals Council did not assume jurisdiction of the case within 60 days of the ALJ's decision, on the 61st day after the ALJ's Notice of Decision—that is, July 2, 2017. However, the record reflects that neither of those conditions has yet to obtain in this case.

By writing the date "May 2, 2017" in three consecutive blank spaces on the standard complaint form, Marchand presumably proceeds on his understanding that he has received a final decision from the Commissioner because, according to him, the Appeals Council affirmed the ALJ's decision on the very same day that it was issued—May 2, 2017. *See id.* at 2. Further, he seems to represent that he received a copy of the Appeals Council's affirmance letter on May 2, 2017, as well. *See id.* Marchand has not, however, submitted any documentation to confirm such a facially implausible 24-hour turnaround.

Indeed, in spite of the bold, capitalized warning on the complaint form that states, "**IMPORTANT: ATTACH A <u>COPY</u> OF THE APPEALS COUNCIL LETTER TO THE BACK OF THIS COMPLAINT**," Marchand did not append a copy of any letter from the Appeals Council resolving any appeal that he may—or may not—have taken from the ALJ's decision. More critically, at the time that he filed this complaint, on May 30, 2017, far fewer than 60 days had elapsed since the ALJ's May 2, 2017 decision, which means that the decision could not have become final in the absence of a ruling from the Appeals Council. Nothing in the record even suggests that has happened. Therefore, on the present record, the Court cannot find that the Commissioner has rendered a "final" decision. As a consequence, the Court cannot conclude that it possesses valid subject matter jurisdiction over this action.

## Conclusion

For the foregoing reasons, Marchand's complaint (ECF Dkt. No. 1) is dismissed without prejudice for lack of subject matter jurisdiction.

Marchand is granted 30 days from the date that this Order is entered on the docket to file an amended complaint that establishes, factually and plausibly, a valid basis for this Court's subject matter jurisdiction; that is, that he has received a final decision from the Commissioner that is subject to federal court review. The amended complaint must be captioned, "Amended Complaint," and bear the same docket number as this Order: 17-cv-3252. If Marchand has sought review from the Appeals Council or the Appeals Council has assumed jurisdiction on its own, and the Appeals Council has issued a letter resolving such appeal, he shall attach that letter to his amended complaint. If Marchand elects not to file an amended complaint, or neglects to do so in a timely fashion, this docket will be closed for administrative purposes.

Alternatively, and perhaps the neater and easier course for him, Marchand may withdraw this complaint and file a new complaint at such time as he has received a final decision from the Commissioner, either: (a) in the event that he has sought review from the Appeals Council or the Appeals Council has assumed jurisdiction of the case on its own, after the Appeals Council issues its determination or declines his request for review; or (b) in the event that he has not sought review from the Appeals Council and the Appeals Council has not assumed jurisdiction of the case within 60 days of the ALJ's decision, once, in this event, the ALJ's decision resultingly becomes final, on July 2, 2017. Marchand is reminded that, after receiving a final decision from the Commissioner through either of these two methods, he has 60 days to file a new federal court complaint seeking review of that final decision.

All proceedings in this Court on this complaint shall be stayed until further order of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiff.

So Ordered.

Dated: Brooklyn, New York
June 14, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge